UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

L'OREAL ROUSSELL-HARRIS    CIVIL ACTION

VERSUS    NUMBER 11-594-JJB-DLD

RICKY L. BABIN, DISTRICT ATTORNEY
FOR THE 23RD JUDICIAL DISTRICT

## ORDER

This matter is before te court on a referral from the district court of plaintiff's motion to compel production. (rec.doc. 13) The motion is opposed.

### *Background*

Plaintiff filed this Title VII lawsuit on August 27, 2011, alleging that at all relevant times she was employed as a felony assistant in the office of the district attorney. Plaintiff was terminated on July 16, 2010, allegedly because her services were no longer required, and/or excessive cell phone use at work. Plaintiff is African-American, and claims such reasons were pretextual, and she was replaced by a Caucasian female. Plaintiff received her right-to-sue notification on July 11, 2011. (rec.doc. 1)

### *GOVERNING LAW*

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1). Once a relevancy objection has been raised, the party seeking the discovery must demonstrate that the request is within the scope of discovery. Once this

showing has been made, the responding party must make a showing of some sufficient reason why discovery should not be allowed. *Andritz Sprout- Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609 ( D.C. Pa. 1997). A showing of sufficient reason requires that the responding party clarify and explain their objections, and provide support for those objections. *Krawczyk v. City of Dallas, 2004 WL 614842*, *6 (N.D.Tex. Feb. 27, 2004) (*citing Ahern v. Trans Union LLC Zale Corp.*, 2002 WL 32114492, * 2 (D.Conn. Oct.23, 2002)).

***The Motion to Compel***

At issue here is one request for production propounded to defendant on April 5, 2012, which states:

> Please make available for inspection and videography all felony files opened (a) during plaintiff's employment with defendant at Convent and Donaldsonville (b) all such files opened for the last two years of Darlene Yarborough's employment at Donaldsonville.

(rec.doc. 13)

Defendant objected, stating that the request was vague, overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objected "to the extent the Request asks for confidential information and/or information protected by attorney-client privilege and/or the work product doctrine." (rec.doc. 13-2)

In support of her motion, plaintiff contends that one of the reasons given for her termination was that her filing was not neat in that "papers stuck out and holes were not punched in proper alignment," and the only way to determine if plaintiff's filing was not neat is to examine the files themselves. Plaintiff argues that if the improperly aligned hole

Case 3:11-cv-00594-JJB-DLD   Document 15   06/07/12   Page 2 of 4

placements were in files opened and completed by her predecessor, Darlene Yarborough, but the hole placements were properly aligned in files opened and closed by plaintiff, then she has established pretext and will have impeached the credibility of her supervisors. Plaintiff also states that a spreadsheet is kept that contains the file name, docket number, disposition status, and the felony assistant's name who opened and closed; thus, the production is not burdensome.

Defendant argues the request is overbroad in that it seeks all files opened during the stated time frame, and was only limited in the motion to compel to files opened by Yarborough, plaintiff's predecessor, and plaintiff herself. Defendant argues that even so, the documents are irrelevant and beyond the scope of discovery because plaintiff's claims of discrimination relate to the way she was treated with regard to her cell phone use, not her filing. In support of the irrelevant nature of the documents, defendant cites to plaintiff's deposition, wherein the following question was asked and answered:

> Q: . . . so the cell phone, any other discrimination that you allege occurred?
>
> A: No, that's the only thing that really brought it up was the cell phone use.

(rec.doc. 14-1)

Defendant also contends that if plaintiff is attempting to show that Yarborough's filing also was not neat but she was treated differently from plaintiff for the same issue, plaintiff's argument fails because Yarborough also was African-American, and therefore a member of the same protected class. Defendant also states that the files are "organized in a manner that facilitates use by the attorneys," and it would be "nearly impossible to identify the files worked on by an individual secretary," and multiple secretaries may have

worked on each file, or subsequent secretaries may have changed the filing, or the files may have been moved around in the process of packing and storing the closed files. (rec.doc. 14) Finally, defendants assert that the files were created to prepare the district attorneys for use in court and as such, contain the mental impressions of counsel and therefore are privileged.

The court notes that plaintiff's claim is that she was terminated because her services were no longer needed and/or there was excessive cell phone use by her at work; not that she was terminated because of the lack of neatness of her files, or that she was treated differently from a similarly situated individual outside her protected class. The court therefore is not persuaded by plaintiff's argument that the documents are relevant or could lead to relevant information, and finds that defendant has provided sufficient support for its objections. The court will deny the motion to compel in its entirety.

Accordingly,

**IT IS ORDERED** that the motion to compel is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 7, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**